**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4172**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

THOMAS BROWNING,

             Defendant - Appellant.

———————

**No. 10-4173**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

RICKY NICHOLS,

             Defendant - Appellant.

———————

Appeals from the United States District Court for the Southern District of West Virginia, at Beckley.   Irene C. Berger, District Judge. (5:09-cr-00065-1; 5:09-cr-00065-3)

———————

Submitted:  November 4, 2010     Decided:  December 10, 2010

———————

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

---

Derrick W. Lefler, GIBSON, LEFLER & ASSOCIATES, Princeton, West Virginia; J. Steve Hunter, STEVE HUNTER ASSOCIATES, L.C., Lewisburg, West Virginia, for Appellants. R. Booth Goodwin II, United States Attorney, Thomas C. Ryan, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Browning and Ricky Nichols ("Appellants") pled guilty, pursuant to a plea agreement, to one count of conspiracy to damage railroad property, in violation of 18 U.S.C. § 371 (2006). The district court sentenced each Appellant to a term of sixty months' imprisonment. On appeal, Appellants allege that they should each have received a downward adjustment for acceptance of responsibility, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2008). For the following reasons, we affirm.

Whether an individual has accepted responsibility for his crime is a factual question, which this court reviews for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court's decision to grant or deny an acceptance of responsibility reduction is accorded great deference. Id. (citing USSG § 3E1.1, cmt. n.5).

Pursuant to USSG § 3E1.1, a defendant may be given a two- or three-level reduction in his offense level if he clearly demonstrates that he has accepted responsibility for the

3

offense. In order to receive such a reduction, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). Although a guilty plea reflects some level of acceptance of responsibility, it does not automatically entitle a defendant to the reduction. USSG § 3E1.1, cmt. n.3; May, 359 F.3d at 693. To qualify for a reduction, a defendant must truthfully admit "the conduct comprising the offense of conviction" and admit, or not falsely deny, any relevant conduct for which he is accountable under USSG § 1B1.3. See USSG § 3E1.1, cmt. n.1(a).

The district court did not clearly err in finding Appellants attempted to minimize their respective roles in the offense, and consequently, in denying them a two-point reduction for acceptance of responsibility. Moreover, the district court made adequate findings to underpin this conclusion, and those findings are supported by the record. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4